Per Cüriam.
Order affirmed, with $10 costs and disbursements, on opinion of court below.
The opinion of Mr. Justice Lawrence at special term on denying the motion to amend is as follows: This action is brought to recover damages for the failure to receive certain skins tendered to the defendant under the certain contracts for the sale thereof, in which there was a clause by which the skins were guaranteed not to lose more than six per cent, from their invoice weight. On the first trial of the action there was a verdict rendered in favor of the plaintiff, and upon appeal the judgment was reversed, and a new trial ordered. The new trial was ordered in the month of November, 1888, and the case was not brought to trial until the month of January, 1894, and upon said second trial an attempt was made to introduce evidence of custom with reference to the guaranty contained in each contract that the skins should not lose over six per cent, from their invoice weight. This evidence was excluded. A juror was thereupon withdrawn, with the *753 consent of the court, in order that this motion might be made at special term, and the application comes from the court on those facts. I am of the opinion that the motion should be denied. The provisions of the guaranty in each of the three contracts under which the skins were -sold are clear and explicit, to wit, that the skins are guaranteed not to lose over six per cent, from invoice weight. There is certainly no ambiguity in this language, and the rule is too well settled that usage and custom cannot be proved to contravene a rule of law or to alter or contradict the express or implicit terms of a contract free from ambiguity, or to make the legal rights or liabilities of the parties to contract other than they are by the terms thereof. Hopper v. Sage, 112 N. Y. 530; 21 St. Rep. 491; Markham v. Jaudon, 41 N. Y. 236; Bradley v. Wheeler, 44 id. 495; Baker v. Drake, 66 id. 518. In this particular case the usage or custom of the .trade which is sought to be pleaded is an allowance for any excess of loss of weight over and above six per cent, from the invoice weight. Such a usage or custom would be entirely in conflict with the plain terms of the guaranty, and it therefore results that the motion must be denied on that ground, with costs.